MARY E. BITELY v. FRED H. BITELY, ADMINISTRATOR, ETC.

*Estates of deceased persons—Claims—Appeal—Accounting—Verdict —Trust—Evidence.*

1. The verdict in a probate appeal case involving an accounting by an administrator should show the facts found by the jury, that the court may know upon what they base their conclusions as to the amount found due the claimant.

2. The jury upon the trial of a probate appeal case was limited to the questions of what amount came into the hands of the administrator *as such* from his father's estate, and of how much he had paid out of the estate; which questions are held to have been properly submitted to the jury, under the ruling in *Ward v. Tinkham*, 65 Mich. 695.

3. An administrator, who was also an heir of the deceased, received a warranty deed from the other heirs of lands belonging to the estate, which he disposed of, executing the deeds in his individual capacity. One of the heirs filed a claim against his estate upon the theory that the administrator took the deed as trustee for the grantors, and was to sell the lands for their benefit, and account for the proceeds as such administrator. And it is held that there was no error in admitting testimony showing the execution and delivery of the deed and the purposes for which it was executed, and that parol evidence was admissible to show the sales made by the administrator, and the sums realized therefrom.

Error to Van Buren. (Buck, J.) Argued February 26, 1891. Decided April 17, 1891.

Appeal from order of probate court allowing a claim against the estate of defendant's decedent. Defendant brings error. Reversed. The facts are stated in the opinion.

*Edward Bacon*, for appellant, contended:

1. No issues were framed, no written questions of fact were pre-

sented to the jury, as required by *Hall v. Grovier*, 25 Mich. 428; *Ward v. Tinkham*, 65 Id. 698.

2. The circuit judge erred in turning over to the jury, as he did, the entire accounting; citing *Ward v. Tinkham*, 65 Mich. 695.

3. Claimant alleges that her brother, Nathan H. Bitely, disposed of her interest in lands as administrator, and the jury were allowed to find such fact, while the probate records, which showed to all concerned that he never had nor applied for any license to sell as administrator, were as much ignored as if no such fact existed. No conveyance by him of more than he owned would make him liable to claimant; citing Schoul. Ex. & Admr. §§ 213, 509, 539; *King v. Whiton*, 15 Wis. 684; *Hankins v. Kimball*, 57 Ind. 42; *Thomson v. Gaillard*, 3 Rich. 418; *Fay v. Fay*, 1 Cush. 105; *Pettit v. Pettit*, 32 Ala. 288; *Waldron v. McComb*, 1 Hill, 111; *Lafferty v. Bank*, 76 Mich. 59; *Shafter v. Huntington*, 53 Id. 310.

4. The law gave him no authority as administrator to make any transfer of undivided shares in any land belonging to the estate; citing *Eberstein v. Oswalt*, 47 Mich. 254; *Daly's Appeal*, Id. 443; and no conveyance by him under the alleged trust deed could have been by him as administrator, and no deed he did make so described him, but on the contrary was made by him as owner.

*George E. Breck*, for appellant.

*Lester A. Tabor*, for plaintiff.

LONG, J.  Joseph L. Bitely, the claimant's father, died intestate, July 23, 1858, in Van Buren county, this State. He left surviving him his widow, Lorilla Bitely, and five children, his only heirs at law, to wit: Nathan H. Bitely, Eugene Bitely, Martha Bitely, now by marriage Martha Morris, Mary E. Bitely, and Josephine Bitely.

Letters of administration were duly issued November 4, 1858, to Lorilla Bitely, the widow, and the son Nathan H. Bitely. The son Nathan H. Bitely alone qualified as such administrator. In January, 1859, Nathan H. Bitely prepared an inventory of the estate, and presented it to the probate court. It shows that the estate consisted principally of real estate and notes and mortgages. The real estate consisted of a homestead in Paw Paw, the

undivided one-third in certain other lands, and certain descriptions of tax lands in that county. From the time of this inventory till the death of Nathan H. Bitely, March 18, 1884, there were no proceedings whatever in probate court relative to the matters of the estate. The administrator made no report, but it appears that there were no debts against the estate.

October 1, 1859, Martha Morris, Eugene Bitely, Mary E. Bitely, and the widow, Lorilla Bitely, executed and delivered to Nathan H. Bitely a warranty deed of all the lands described in the inventory as tax lands, for the consideration, named in the deed, of one dollar. Josephine was then under age, and did not sign this deed. In 1860, Nathan H. Bitely, as guardian of Josephine, presented a petition to the probate court for license to sell the interest of Josephine in all these lands. A license to sell was granted, but no further proceedings were taken thereunder. Eugene Bitely died intestate in 1873, leaving a widow and three children. Lorilla Bitely died in 1882. Nathan H. Bitely, at his death, left a widow, a son, Frederick H. Bitely, and three daughters. Fred is the administrator of the estate of his father, and defendant in this proceeding.

After the death of Nathan H. Bitely, one John W. Free was appointed administrator *de bonis non* of the estate of Joseph L. Bitely, deceased, and presented a claim as such administrator in the probate court against the estate of Nathan H. Bitely, deceased. This claim was allowed, but subsequently set aside on appeal to the circuit court, on the ground that each heir must present separate claims, and that such claims could not be prosecuted in the name of the administrator *de bonis non* of the estate of Joseph L. Bitely for the heirs. Nothing further was done by the administrator.

In September, 1888, Mary E. Bitely and Josephine

Bitely presented and filed in the probate court their joint petition against the estate of Nathan H. Bitely, deceased, for the opening of the estate, and allowance of their claims. This petition came on to be heard, and the prayer of the petitioners was granted. The claim of Mary E. Bitely was allowed at the sum of $533.68. From this allowance the administrator, Frederick H. Bitely, appealed to the circuit court for Van Buren county, where the claim was heard before a jury, and allowed at the sum of $300. From this proceeding the administrator appeals to this Court.

The theory of the claimant on the trial was that Nathan H. Bitely took the deed of October 1, 1859, from the parties as trustee for the grantors, and was to sell and dispose of the lands for their benefit, and to account for such proceeds as administrator of the estate of his father,. Joseph L. Bitely; that large sums of money came into his hands as such administrator from this and other sources, for which he has never accounted, and the share belonging to claimant amounted to several hundred dollars. A large amount of testimony was taken on the trial, and a great amount of documentary evidence offered and received, showing or tending to show the situation of the estate of Joseph L. Bitely, and the amount and value thereof, and the sums of money coming into the hands of Nathan H. Bitely as such administrator, and his dealings with the property of the estate. The evidence tends strongly to show that Nathan H. Bitely took the deed of October 1, 1859, for the purpose of selling and disposing of the lands for the benefit of the estate, and to account to the heirs for the proceeds. Mrs. Morris testified that Nathan stated that it would be the better way to place it in his hands in trust; that he would hold the mortgages, money, and notes of his father's estate in his hands to pay the taxes on these lands; and, as Josie

was a minor, it could be better adjusted in that way, and he dispose of them, and divide the money with the heirs; and, he being administrator, the deed was made out to him.

The court charged the jury upon this branch of the case as follows:

"If you find that he did not sell any of these lands as administrator, then, of course, as I have already indicated to you, there can be no claim of the estate for them. If you find that what he pretended to sell was only his own interest in the lands as one of the heirs, then this claimant could have no claim for them.    *    *    *    If, however, he assumed to sell any other title to these lands, and conveyed the estate's interest in them, and took the money for them, then he would be chargeable with it."

There was no error in admitting the testimony showing the execution and delivery of the deed, the purposes for which it was executed and delivered, and the sales made by the administrator. The court was correct in its charge, holding that under the circumstances stated the administrator took the deed as trustee for the heirs of the estate, and that his estate must account for the proceeds of the sales of these lands. Parol evidence was properly admitted showing what sales had been made, and the sums realized from such sales.

The errors relied upon are stated in the brief of counsel for appellant as follows:

"1. The circuit judge erred in turning over to the jury, as he did, the entire accounting.

"2. Neither the verdict nor the judgment shows what items were allowed, nor what items were disallowed; nor what balance, if any, existed in any accounting between Nathan H. Bitely and his father's estate, or between him and Mary E. Bitely.

"3. The verdict, according to its terms, is based on pure fiction, and evidently represents no true balance on any accounting, but is an arbitrary assessment in favor of the claimant.

"4. There is no balance in favor of Mary E. Bitely under any written statement of claim filed on her behalf and appearing in the record.

"5. The circuit judge erred in admitting parol evidence, as he did, notwithstanding objections, and in instructing the jury that all such evidence was legal.

"6. The circuit judge erred in instructing the jury that they might hold Nathan H. Bitely accountable for the proceeds of sales of separate parcels of land described in the so-called 'trust-deed,' although Nathan H. Bitely never charged himself with such proceeds, nor after such sales agreed to hold the same for any other person or persons.

"7. The circuit judge erred in instructing the jury, as he did, that they might lawfully find Nathan H. Bitely accountable for selling Mary E. Bitely's land when no conveyance of his affected her title, and it did not appear that she had sustained any loss or damage by any conveyance he made.

"8. The circuit judge erred in instructing the jury, as he did, that they might lawfully hold Nathan H. Bitely accountable for sale of northern land, as administrator, when there was no legal evidence in the case tending to show that he ever made any such sale as administrator.

"9. The circuit judge erred in deciding, as he did, and in instructing the jury, that the claim of Mary E. Bitely was unaffected by the statute of frauds.

"10. The circuit judge erred in deciding, as he did, and in instructing the jury, that the claim of Mary E. Bitely was unaffected by any statute of limitations."

The record shows that the court submitted to the jury the questions of fact involved in the case. The inquiry upon the trial was limited to the question:

*First.* What amount came into the hands of the administrator as such from his father's estate?

To show this, a debit and credit account, kept by Nathan H. Bitely with the estate, was put in evidence, and submitted to the inspection of the jury. Evidence was also given showing sales of lands and moneys arising therefrom. The next inquiry was, how much has the administrator paid out of the estate? These were ques-

tions of fact, and very properly left to the jury under the ruling of this Court in *Ward v. Tinkham*, 65 Mich. 695. This case is cited by counsel for the defendant as upholding his first proposition that the court was in error in turning over to the jury, as he did, the entire accounting. There is nothing in that case limiting the right of the court to have the assistance of the jury in the solution of all questions of fact arising in the case. It was there said:

"Their findings of fact are not conclusive, but advisory, and bear a close analogy, in this respect, to juries called in chancery cases."

These lands, as well as the entire estate, came into the hands of Nathan H. Bitely as administrator, to be held and accounted for by him as such. He has, as it clearly appears, never made any report to the probate court of his doings in the estate, and has never accounted with Mary E. Bitely, as one of the heirs, for her share of the estate. The statute of limitations would not bar her claim under such circumstances. It was a trust fund, and came into his hands as such.

The second assignment of error, however, we think well taken. The verdict rendered and entered in the case is in the ordinary form of a verdict in an action of *assumpsit*, and the judgment follows in the same form. The verdict does not, therefore, show what items of the claimant's account were allowed or disallowed. It does not show what amount came into the hands of the administrator from his father's estate, or what amount he properly paid out. There was nothing in the verdict to show to the court how the jury arrived at the conclusion that Mary E. Bitely's share of such balance amounted to just $300. In this class of cases the verdict should show the facts found by the jury, that the court may know upon what they base their conclusions as to the amount found

due the claimant. It is impossible for us upon this record to ascertain just what amount the jury found came into the hands of the administrator, and how much he paid out, and whether the amount the jury found due the claimant is based upon the facts shown, or an arbitrary amount fixed by the jury under all the evidence submitted to them. The record of the verdict should show in such cases the facts found by the jury, so that the trial court, as well as this Court on appeal, may be able to. ascertain whether the facts so found sustain the claim made.

The verdict and judgment, for this reason, must be reversed, and the cause remanded to the court below, where it may be again heard.

The other Justices concurred.